1 | MATTHEW A. CORSAUT #225764
**CORSAUT LAW GROUP**
2 | MAILING ADDRESS:
Post Office Box 797
3 | Rancho Murieta, California 95683
Phone: (916) 354-2000
4 | Fax: (866) 771-6950

5 | Attorneys for
CHRIS BAUMANN  & DURGA BAUMANN



FILED

OCT 18, 2018

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

8 | UNITED STATES BANKRUPTCY COURT

9 | FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No: 18-18845BB |
| Jose Jesus Puentes | **COMPLAINT FOR DAMAGES** |
| Debtor | 1. **Negligence** |
| | a. **Negligent Failure to Disclose Latent Defects** |
| | b. **General Negligence** |
| | c. **General Negligence** |
| Chris Baumann and Durga Baumann | 2. **Breach of Sales Contract** |
| Plaintiffs | 3. **Statutory Failure to Disclose on Transfer of Property [Civil Code §§ 1102, et seq.]** |
| vs. | 4. **Common Law Failure to Disclose on Transfer of Property** |
| Jose Jesus Puentes; Miguel Gutierrez; VIP Real Estate Firm and Does 1-10 | 5. **Fraud: Fraudulent Concealment/Failure to Disclose [Civil Code §§ 1572(3), 1710(3)]** |
| Defendants | 6. **Fraud: Intentional Misrepresentation [Civil Code §§ 1752(1), 1710(1)]** |
| | 7. **Fraud: Negligent Misrepresentation [Civil Code §§ 1572(2) and 1710(2)]** |
| | 8. **Fraud: Promise Made Without Intent to Perform [Civil Code §§ 1572(4) and 1710(4)]** |
| | 9. **Breach of Implied Warrant of Fitness** |
| | 10. **Breach of Fiduciary Duty** |

## COMPLAINT

Plaintiffs CHRIS BAUMANN AND DURGA BAUMANN, by and through their counsel, files

this Complaint pursuant to Title 11a, Rule 7001 of the Federal Rules of Bankruptcy and alleges the

following in support of the requested relief.

CORSAUT LAW GROUP
Post Office Box 797
Rancho Murieta, California 95683
(916) 354-2000

CORSAULT LAW GROUP
Post Office Box 797
Rancho Murieta, California 95683
(916) 354-2000

**JURISDICTION**

1

2 •      This is an adversary proceeding in which the Plaintiffs are seeking damages based on the causes

3 of action outlined above and detailed below.

4 •      This Court has jurisdiction pursuant to 28 U.S.C. sections 157 and 1334.

5 •      This is a core proceeding pursuant to 28 U.S.C. section 157.

6 •      Venue is proper pursuant to 28 U.S.C. sections 1409(a).

7                              **BACKGROUND FACTS**

8           On January 5, 2018, Plaintiffs and Defendant Puentes ("Seller Defendant") agreed in a written

9 contract (Attached as Exhibit A) for Plaintiffs to purchase Defendant's property located at 9067

10 Raviller Drive in Downey, California.  The property was a new construction build of a single family

11 home with the purchase price being $1,550,000.   Upon the agreement being signed by all parties,

12 Plaintiffs provided Puentes with a non-refundable $30,000 deposit.

13           Puentes had originally hired a licensed contractor to complete the build of the p property.

14 However, unbeknownst to the Plaintiffs, sometime very early in the build, the contractor passed away.

15 Seller Puentes, who is not a licensed contractor, completed the build himself.  At no point did Puentes

16 or the Miguel Gutierrez ("Agent/Real Estate Defendant") ever inform Plaintiffs of this fact.  In addition,

17 it is believed that both Puentes and the Agent took measures to misinform the city of Downey as to who

18 was completing the build, as the city requires only licensed contractors to complete home builds with

19 the intent to sell in less than one year.   Plaintiffs at all times believed that the home was being built by

20 a licensed contractor.

21           At the time of entering into the agreement with Puentes, Chris and Durga Baumann owned and

22 lived in separate residences.  Upon entering into contract with Puentes, they each began the process

23 of selling their properties in order to move in together at the subject property.

24           Escrow was scheduled to close on the subject property on or around March 2, 2018.  When the

25 Baumann's asked Defendant Agent when they could complete their final walkthrough prior to closing

26 escrow, the Agent and Puentes were very careful to keep the Baumann's away by assuring them that

27 the work would be completed properly and on time.  In fact, they instructed the Baumanns to stay away

28 from the property so that the workers could complete the finishing touches without being disturbed or

delayed.

1    Only after closing escrow did the Baumanns come to realize that there were significant issues

2  with the property still in need of repair.  They have repeatedly requested the final repairs be made by

3  Puentes, but he has refused.

**FIRST CAUSE OF ACTION**

**(Negligence)**

**A.**

**Negligent Failure to Disclose Latent Defects**

**(All Plaintiffs Against All Defendants)**

9    1    PLAINTIFFS hereby adopt and incorporate by reference the paragraphs above,

10  inclusive, and replead the allegations contained therein as though fully set forth herein.

11    2    At the time of the signing of the Sales Contract, and thereafter, the Subject Property was

12  defective because of, among other things, its faulty design, faulty construction, faulty maintenance,

13  faulty repair and latent defects.  PLAINTIFFS are informed and believe, and thereon allege, that at all

14  of such times relevant herein, SELLER DEFENDANTS and REAL ESTATE DEFENDANTS knew

15  or should have known of the list of defects and problems set forth in this Complaint.

16    3    At all times relevant herein, PLAINTIFFS were unaware that the Subject Property was

17  improperly constructed, repaired and maintained.  Further, the defective construction, maintenance and

18  repair of the Subject Property was not apparent nor discoverable by PLAINTIFFS through the exercise

19  of ordinary care on his part.

20    4    PLAINTIFFS are informed and believe, and thereon allege, that Defendants had a duty

21  to inform any provide notice to PLAINTIFFS of defects of the Subject Property as set forth herein.

22  Defendants unreasonably, carelessly and negligently failed to give PLAINTIFFS any notice of the

23  defects of the Subject Property at the time of PLAINTIFFS' purchase of the Subject Property, at any

24  time thereafter, or at all.

25    5    As a further direct and proximate result of the above named Defendants' negligence,

26  PLAINTIFFS sustained damage to and/or destruction and loss of use of their real property.

27    6    As a further direct and proximate result of Defendants' negligence, PLAINTIFFS have

28  sustained damage in the form of diminution in the fair market value of the Subject Property.

PLAINTIFFS are informed and believe, and thereon allege, that this diminution in value will continue

CORSAUT LAW GROUP
Post Office Box 797
Rancho Murieta, California 95683
(916) 354-2000

1  even if and when the Subject Property is repaired and/or remediated and full disclosure is provided to

2  any prospective purchaser.

3  **B.**

4  **General Negligence**

5  **(All PLAINTIFFS Against REAL ESTATE DEFENDANTS and DOES 1 through 10)**

6      7      PLAINTIFFS hereby adopt and incorporate by reference paragraphs 1 through 6,

7  inclusive, and replead the allegations contained therein as though fully set forth herein.

8      8      REAL ESTATE DEFENDANTS owed duties of care pursuant to California common

9  law, statutory law and contract to PLAINTIFFS to exercise ordinary and reasonable care in the

10 inspection of the Subject Property prior to its sale and to record/disclose their observations to

11 PLAINTIFFS in writing.  These duties of care included duties to conduct reasonable and competent

12 diligent visual inspections of accessible areas of the property and disclose to PLAINTIFFS conditions

13 of the property which affect its value and/or desirability.  REAL ESTATE DEFENDANTS breached

14 these duties to PLAINTIFFS by, among other things, failing to conduct a complete and thorough

15 investigation and inspection of the Subject Property to locate problems within the Subject Property and

16 disclose to PLAINTIFFS their observations; failing to prepare an accurate and thorough Transfer

17 Disclosure Statement and/or Agent's Inspection Disclosure; failing to conduct a reasonable, diligent

18 and competent  inspection of the Subject Property; failing to supplement the Seller's Transfer

19 Disclosure Statement; failing to discover and disclose the problems and defects with the Subject

20 Property referenced in this Complaint and failure to discuss and explain the Transfer Disclosure

21 Statement, Agent's Inspection Disclosure, home inspection report(s) and pest inspection report(s) and

22 explain their purpose, meaning, contents and significance.

23     9      PLAINTIFFS are informed and believe, and thereon allege, that the above referenced

24 acts and omissions of the REAL ESTATE DEFENDANTS also breached and fell below the standard

25 of care and breached and fell below custom industry and practice as it relates to inspections performed

26 by Realtors and disclosure related thereto.

27     10     As a further proximate result of the negligence of the above named Defendants,

28 PLAINTIFFS have suffered mental anguish, discomfort, worry, anxiety, annoyance, emotional distress

and mental injuries all to their general damages in a sum well in excess of the jurisdictional minimum

CORSAUT LAW GROUP
Post Office Box 797
Rancho Murieta, California 95683
(916) 354-2000

1 | of this Court.

2 |     11    As a further direct and proximate result of these Defendants' negligence, PLAINTIFFS
3 | sustained damage to and/or destruction and loss of use of their real property.

4 |     12    As a further direct and proximate result of these Defendants' negligence, PLAINTIFFS
5 | have sustained damage in the form of diminution in the fair market value of the Subject Property.
6 | PLAINTIFFS are informed and believe, and thereon allege, that this diminution in value will continue
7 | even if and when the Subject Property is repaired and/or remediated and full disclosure is provided to
8 | any prospective purchasers.

9 |     13    As a further direct and proximate result of these Defendants' negligence, PLAINTIFFS
10 | incurred and/or will incur moving and relocation expenses and other incidental and consequential
11 | damages in an amount to be determined at the trial of this action.

12 | **C.**

13 | **General Negligence**

14 | **(All PLAINTIFFS Against SELLER DEFENDANTS and DOES 1 through 10)**

15 |     14    PLAINTIFFS hereby adopt and incorporate by reference paragraphs 1 through 13,
16 | inclusive, and replead the allegations contained therein as though fully set forth herein.

17 |     15    The SELLER DEFENDANTS owed duties of care pursuant to California common law,
18 | statutory law and contract to PLAINTIFFS to exercise ordinary and reasonable care in the inspection,
19 | repair, maintenance of the Subject Property and disclosures relating thereto prior to its sale.  The
20 | SELLER DEFENDANTS breached these duties to PLAINTIFFS by, among other things, failing to
21 | maintain and properly repair the Subject Property prior to the close of escrow and thereafter; failing
22 | to  conduct a complete and thorough investigation of the Subject Property and disclose to
23 | PLAINTIFFS their observations; failing to prepare an accurate and thorough Transfer Disclosure
24 | Statement and/or Supplemental Transfer Disclosure Statement; failing to conduct a reasonable
25 | inspection of the Subject Property and supplement the Seller's Transfer Disclosure Statement; failing
26 | to disclose to PLAINTIFFS prior to the sale of the property defective conditions of the property
27 | referenced in this Complaint; failing to conduct a reasonable and thorough inspection to discover and/or
28 | disclose the presence of faulty tile and plumbing work within the Subject Property.

    16    As a further direct and proximate result of the SELLER DEFENDANTS's negligence,

CORSAUT LAW GROUP
Post Office Box 797
Rancho Murieta, California 95683
(916) 354-2000

CORSAUT LAW GROUP
Post Office Box 797
Rancho Murieta, California 95683
(916) 354-2000

1 PLAINTIFFS sustained damage to and/or destruction and loss of use of their personal and real

2 property.

3        17      As a further direct and proximate result of Defendants' negligence, PLAINTIFFS have

4 sustained damage in the form of diminution in the fair market value of the Subject Property.

5 PLAINTIFFS are informed and believe, and thereon allege, that this diminution in value will continue

6 even if and when the Subject Property is repaired and/or remediated and full disclosure is provided to

7 any prospective purchasers.

8                    **SECOND CAUSE OF ACTION**

9                        **(Breach of Contract)**

10                         **(Sales Contract)**

11                              **A.**

12        **(PLAINTIFFS Against SELLER DEFENDANT)**

13        18      PLAINTIFFS hereby adopt and incorporate by reference paragraphs 1 through 17,

14 inclusive, and replead the allegations contained therein as though fully set forth herein.

15        19      As previously referenced herein, the SELLER DEFENDANT and PLAINTIFFS entered

16 into the Sales Contract. PLAINTIFFS are informed and believe, and thereon allege, that the SELLER

17 DEFENDANT breached the Sales Contract by, among other acts and omissions: failure and continuing

18 to fail to perform the terms and conditions of the Sales Contract by which they are bound; failing to

19 disclose the existence of defects in the design, materials, construction, repair and maintenance of the

20 Subject Property; failing to truthfully, thoroughly and accurately respond to and/or complete the TDS

21 and/or Supplemental TDS; failing to provide a residence free from construction defects and defects in

22 materials, repairs and workmanship.  In addition, the SELLER DEFENDANT breached the following

23 specific provisions of the Sales Contract as follows:

24 •      Paragraph 10.A.(6) of the Sales Contract which provides:

25        "B.  In the event Seller prior to close of escrow, becomes aware of adverse conditions
        materially affecting the property, or any material inaccuracy in disclosures, information
26        or representations previously provided to Buyer (including those made in a TDS) of
        which Buyer is otherwise unaware, Seller shall promptly provide a subsequent or
27        amended disclosure, in writing, covering those items."

28 •      Paragraph 11.A. of the Sales Contract which provides:

                    **"B. SELLER SHALL DISCLOSE KNOWN MATERIAL FACTS**

**AND DEFECTS AND MAKE OTHER DISCLOSURES REQUIRED BY LAW."**

• Paragraph 16 of the Sales Contract which provides:

"16. **REPAIRS:** Repairs shall be completed prior to final verification of condition unless otherwise agreed in writing. Repairs to be performed at Seller's expense may be performed by Seller or through others, provided that the work complies with applicable law, including governmental permit, inspection and approval requirements. Repairs shall be performed in a skillful manner with materials of quality and appearance comparable to existing materials. . . . Seller shall (I) obtain receipts for repairs performed by others; (ii) prepare a written statement indicating the repairs performed by Seller and the date of such repairs; and (iii) provide copies of receipts and statements to Buyer prior to final verification of condition."

20      Further, SELLER DEFENDANT breached the Sales Contract by not remedying the defects found in the Subject Property prior to the PLAINTIFFS' purchase of the property. SELLER DEFENDANT'S breaches of the Sales Contract continue to the present.

21      PLAINTIFFS performed all duties, conditions and obligations which were required of PLAINTIFFS pursuant to the terms of the Sales Contract.

22      SELLER DEFENDANT'S breaches of the Sales Contract are the direct and proximate cause of PLAINTIFFS' damages and injuries as described herein.

23      A dispute has arisen out of the Sales Contract. Pursuant to the Sales Contract, PLAINTIFFS are entitled to their attorneys' fees and costs incurred in connection with this lawsuit because the parties attended mediation prior to the filing of this suit.

## THIRD CAUSE OF ACTION

**(Statutory Failure to Make Written Disclosures When Transferring Real Property)**

**[Civil Code §§ 1102.2, et seq.]**

**(All PLAINTIFFS Against All DEFENDANTS)**

24      PLAINTIFFS hereby adopt and incorporate by reference paragraphs 1 through 23, inclusive, and replead the allegations contained therein as though fully set forth herein.

25      California Civil Code section 1102, et seq. requires a seller and real estate broker(s)/Agent(s) to provide buyers, and other occupants of real property, PLAINTIFFS herein, with an accurate and thorough Real Estate Transfer Disclosure Statement, Supplemental TDS, and/or Agent's Inspection Disclosure. Compliance with Civil Code section 1102.6 requires that Defendants

CORSAULT LAW GROUP
Post Office Box 797
Rancho Murieta, California 95683
(916) 354-2000

must exercise ordinary and reasonable care and diligence in making whatever inspections and/or inquiries necessary to support the contents of Transfer Disclosure Statements, Supplemental TDS, and/or Agent's Inspection Disclosures.

26   Prior to the close of escrow and in violation of Civil Code section 1102, et seq., the SELLER DEFENDANT and REAL ESTATE DEFENDANTS intentionally and/or negligently failed to conduct a competent and diligent visual inspection of accessible areas of the Subject Property and/or failed to provide PLAINTIFFS with an accurate Transfer Disclosure Statement, Agent's Inspection Disclosure, and/or Supplemental Transfer Disclosure Statement. In this regard, as previously set forth in this Complaint, the SELLER DEFENDANT and REAL ESTATE DEFENDANTS failed to accurately, truthfully, thoroughly and honestly respond to the questions contained on the TDS and related documents with respect to the Subject Property. As previously set forth in this Complaint, the SELLER DEFENDANT and REAL ESTATE DEFENDANTS answered "no" to a number of questions on the TDS, such questions should have been answered in the affirmative. Further, the TDS, and other sales documentation requested any additional material information regarding the Subject Property which PLAINTIFFS are informed and believe, and thereon allege, that these Defendants failed to disclose and/or concealed from PLAINTIFFS which affected the use, desirability, and/or value of the Subject Property. Such concealed information includes without limitation, the defective conditions of the Subject Property set forth herein.

27   The failure of the REAL ESTATE DEFENDANTS and SELLER DEFENDANT to comply with the statutory requirements referenced above has caused PLAINTIFFS to incur actual and consequential damages and injuries in amounts which exceed the minimum jurisdiction of this Court.

28   Additionally, PLAINTIFFS have and will continue to incur attorneys' fees and costs in the prosecution of this action, all of which are recoverable pursuant to statute and/or contract.

## FOURTH CAUSE OF ACTION

### (Common Law Failure to Make Disclosures When Transferring Real Property)

### (All PLAINTIFFS Against All DEFENDANTS)

29   PLAINTIFFS hereby adopt and incorporate by reference paragraphs 1 through 28, inclusive, and replead the allegations contained therein as though fully set forth herein.

CORSAUT LAW GROUP
Post Office Box 797
Rancho Murieta, California 95683
(916) 354-2000

30    Pursuant to judicial authority in the State of California, sellers and/or real estate broker(s)/Agent(s) must provide to buyers, and other occupants of real property, PLAINTIFFS herein, information prior to the sale of the property concerning the property at issue which materially affects the use, value and/or desirability of the property.  In addition, pursuant to California judicial decisions, such Defendants must exercise ordinary and reasonable care and diligence in making whatever inspection and/or inquiry is necessary to support the content of disclosures provided to a prospective buyer.

31    As set forth in this Complaint, prior to the close of escrow and in violation of this common law duty, SELLER DEFENDANT and REAL ESTATE DEFENDANTS either intentionally and/or negligently failed to conduct a diligent and competent visual inspection of accessible areas of the Subject Property and/or intentionally and/or negligently failed to provide PLAINTIFFS with accurate information regarding conditions of the Subject Property which materially affect its use, value and/or desirability.  The specific factual information withheld by these Defendants is set forth in detail elsewhere in this Complaint and incorporated herein by this reference.

32    The failure of SELLER DEFENDANT, and REAL ESTATE DEFENDANTS to comply with these common law obligations and duties referenced above has caused PLAINTIFFS to incur actual and consequential damages and injuries in amounts which exceed the minimum jurisdiction of this Court.

## FIFTH CAUSE OF ACTION

**(Fraud: Fraudulent Concealment/Failure to Disclose)**

**[Civil Code §§ 1572(3) and 1710(3)]**

**(All Plaintiffs Against All Defendants)**

33    PLAINTIFFS hereby adopt and incorporate by reference paragraphs 1 through 32, inclusive, and replead the allegations contained therein as though fully set forth herein.

34    Prior to the purchase of the Subject Property and continuing thereafter Defendants, and each of them, intentionally concealed and failed to disclose to PLAINTIFFS, among other things, that the following defective conditions were present at the Subject Property: (a) the conditions referenced previously in this Complaint; (b)  the damage and/or destruction of the structural components of the Subject Property; (c) the faulty driveway and tile installation; (d) failure to install screens; (e) need for

CORSAULT LAW GROUP
Post Office Box 797
Rancho Murieta, California 95683
(916) 354-2000

1    stucco repair; (f) leftover cement and destroyed lawn, among other defects subject to further discovery.

2        35    Defendants' concealment and/or failure to disclose the material facts noted above, and

3    others, was done intentionally and with the intent to induce PLAINTIFFS to rely thereon, including

4    without limitation, purchasing the Subject Property and remaining therein. Had PLAINTIFFS known

5    the true facts, they would not have purchased the Subject Property, would not have remained in said

6    home, and/or retained qualified, competent individuals and/or entities to perform inspections and/or

7    repairs to the Subject Property. At the time PLAINTIFFS took the actions herein alleged, they were

8    ignorant of the facts concealed by these Defendants. On reasonable and justifiable reliance on

9    Defendants' factual concealment and failure to disclose, PLAINTIFFS were induced to, among other

10    things, purchase, occupy and continue to occupy the Subject Property.

11        36    As a direct and proximate result of Defendants' concealment and/or failure to disclose

12    outlined above, PLAINTIFFS have suffered and continue to suffer discomfort, annoyance, emotional

13    distress, mental anguish, worry, anxiety, pain and suffering, physical and mental injury, property

14    damage, cost of investigation and repairs, diminution in value of the Subject Property, and further

15    general and special damages in an amount to be proven at trial.

16        37    Defendants' acts of concealment and/or failure to disclose were fraudulent, oppressive

17    and malicious within the meaning of Civil Code section 3294 in that such concealment was willful,

18    wanton, malicious, fraudulent, and oppressive and with conscious disregard of PLAINTIFFS' rights

19    and safety in that the failure to disclose and concealment of facts subjected PLAINTIFFS to cruel and

20    unjust hardship, justifying an award of exemplary and punitive damages in an amount to be determined

21    at trial. The extreme and outrageous conduct of Defendants was intentional, malicious, and done for

22    the purpose of causing, or with a wanton and reckless disregard for causing PLAINTIFFS to suffer

23    humiliation, mental anguish and emotional and physical injury and distress.

24                            **SIXTH CAUSE OF ACTION**

25                        **(Fraud: Intentional Misrepresentation)**

26                        **[Civil Code §§ 1572(1) and 1710(1)]**

27                        **(All Plaintiffs Against All Defendants)**

28        38    PLAINTIFFS hereby adopt and incorporate by reference paragraphs 1 through 37,

inclusive, and replead the allegations contained therein as though fully set forth herein.

CORSAUT LAW GROUP
Post Office Box 797
Rancho Murieta, California 95683
(916) 354-2000

39    PLAINTIFFS are informed and believe, and thereon allege, that Defendants, and each of them, falsely and fraudulently made representations of material fact to PLAINTIFFS which they knew to be false. Defendants made false representations, including but not limited to the following: (a) that the Subject Property was in good condition, implying that the premises was free from defects and safe to occupy; (b) that the Subject Property was properly designed, constructed, maintained and repaired; (c) the Subject Property was built by a licensed contractor; (d) with respect to the TDS, that the Subject Property did not have problems with the driveway or floors; (e) as to the SELLER DEFENDANT, the following specific statements contained in the Sales Contract and related

• Paragraph 10.A.(6) of the Sales Contract which provides:

"B. In the event Seller prior to close of escrow, becomes aware of adverse conditions materially affecting the property, or any material inaccuracy in disclosures, information or representations previously provided to Buyer (including those made in a TDS) of which Buyer is otherwise unaware, Seller shall promptly provide a subsequent or amended disclosure, in writing, covering those items."

• Paragraph 11.A. of the Sales Contract which provides:

"**B. SELLER SHALL DISCLOSE KNOWN MATERIAL FACTS AND DEFECTS AND MAKE OTHER DISCLOSURES REQUIRED BY LAW.**"

• Paragraph 16 of the Sales Contract which provides:

"16.   **REPAIRS:** Repairs shall be completed prior to final verification of condition unless otherwise agreed in writing. Repairs to be performed at Seller's expense may be performed by Seller or through others, provided that the work complies with applicable law, including governmental permit, inspection and approval requirements. Repairs shall be performed in a skillful manner with materials of quality and appearance comparable to existing materials. . . . Seller shall (I) obtain receipts for repairs performed by others; (ii) prepare a written statement indicating the repairs performed by Seller and the date of such repairs; and (iii) provide copies of receipts and statements to Buyer prior to final verification of condition."

CORSAUT LAW GROUP
Post Office Box 797
Rancho Murieta, California 95683
(916) 354-2000

40    As to the REAL ESTATE DEFENDANTS:

• The oral statement by Defendant MIGUEL GUTIERREZ by phone on or around January 11, 2018 that the property was completely newly built when it was not.

• The repeated written and oral statements by Defendant MIGUEL GUTIERREZ that a contractor was building the home, when in fact the seller, who has no contractor's license, was building the home.

• The phone and text statements by Defendant MIGUEL GUTIERREZ during the last week of February that the property would be completely finished no later than March 2 at 1:00 p.m.

• Written and oral statements by Defendant MIGUEL GUTIERREZ in February 2018 that he had construction expertise to assure Plaintiffs everything was going according to plan

• Oral statement by Defendant MIGUEL GUTIERREZ on March 1, 2018 as well as in writing the morning of March 2, that Plaintiffs could not enter the property prior to March 2, 2018 at 1:00 p.m. because it would make the workers nervous when, in fact, he was attempting to keep Plaintiffs away from the home until after their loan funded and was disbursed to the seller so that the Plaintiffs would not see the condition of the property prior to funding and, understandably, cancel the purchase.

41    PLAINTIFFS are informed and believe, and thereon allege, that when Defendants made these representations, among others, they knew the representations were false and made them with the intent to deceive and defraud PLAINTIFFS and to induce PLAINTIFFS to rely thereon, or with the expectation that PLAINTIFFS would so act.

42    PLAINTIFFS actually and justifiably relied on said misrepresentations to their detriment. Had PLAINTIFFS known the true facts, they would not have purchased the Subject Property, would not have moved into the Subject Property, or would have hired qualified, competent individuals and/or entities to conduct inspections and investigations of the Subject Property. At the time PLAINTIFFS took the actions herein alleged, they were ignorant of the Defendants' misrepresentations and were further ignorant of the true facts. On reasonable and justified reliance on the acts and omissions of these Defendants, PLAINTIFFS were induced to, among other things, purchase and occupy the Subject

CORSAULT LAW GROUP
Post Office Box 797
Rancho Murieta, California 95683
(916) 354-2000

CORSAUT LAW GROUP
Post Office Box 797
Rancho Murieta, California 95683
(916) 354-2000

1  Property.

2  43    As a direct and proximate result of Defendants conduct outlined above, PLAINTIFFS

3  suffered discomfort, annoyance, emotional distress, mental anguish, worry, anxiety, pain and suffering,

4  physical and mental injury, property damage, cost of investigation and repairs, diminution in value of

5  the Subject Property, and further general and special damages in an amount to be proven at trial.

6  44    Defendants' conduct was fraudulent, oppressive and malicious within the meaning of

7  Civil Code section 3294 in that the misrepresentations of these Defendants were willful, wanton,

8  malicious, oppressive and done with conscious disregard of PLAINTIFFS' rights and safety and

9  subjected PLAINTIFFS to cruel and unjust hardship, justifying an award of exemplary and punitive

10  damages in an amount to be determined at trial.  The extreme and outrageous conduct of Defendants

11  was intentional, malicious, and done for the purpose of causing, or with a wanton and reckless

12  disregard for causing, PLAINTIFFS to suffer humiliation, mental anguish, emotional/physical distress.

13  ## SEVENTH CAUSE OF ACTION

14  ### (Fraud: Negligent Misrepresentation)

15  ### [Civil Code §§ 1572(2) and 1710(2)]

16  ### (All Plaintiffs Against All Defendants)

17  45    PLAINTIFFS hereby adopt and incorporate by reference paragraphs 1 through 44,

18  inclusive, and replead the allegations contained therein as though fully set forth herein.

19  46    PLAINTIFFS are informed and believe, and thereon allege, that Defendants, and each

20  of them, made representations of material fact to PLAINTIFFS without reasonable grounds for

21  believing them to be true.  These Defendants made representations including, but not limited to, the

22  following: (a) that the Subject Property was in good condition, implying that the premises was free

23  from defects and safe to occupy; (b) that the Subject Property was properly designed, constructed,

24  maintained and repaired, (I) as to the SELLER DEFENDANT, the following specific statements

25  contained in the Sales Contract and related documents:

26  •    Paragraph 10.A.(6) of the Sales Contract which provides:

27  "B. In the event Seller prior to close of escrow, becomes aware of adverse conditions
materially affecting the property, or any material inaccuracy in disclosures, information
28  or representations previously provided to Buyer (including those made in a TDS) of
which Buyer is otherwise unaware, Seller shall promptly provide a subsequent or
amended disclosure, in writing, covering those items."

CORSAUT LAW GROUP
Post Office Box 797
Rancho Murieta, California 95683
(916) 354-2000

- Paragraph 11.A. of the Sales Contract which provides:

  **"B. SELLER SHALL DISCLOSE KNOWN MATERIAL FACTS AND DEFECTS AND MAKE OTHER DISCLOSURES REQUIRED BY LAW."**

- Paragraph 16 of the Sales Contract which provides:

  "16.  **REPAIRS:** Repairs shall be completed prior to final verification of condition unless otherwise agreed in writing. Repairs to be performed at Seller's expense may be performed by Seller or through others, provided that the work complies with applicable law, including governmental permit, inspection and approval requirements. Repairs shall be performed in a skillful manner with materials of quality and appearance comparable to existing materials. . . . Seller shall (I) obtain receipts for repairs performed by others; (ii) prepare a written statement indicating the repairs performed by Seller and the date of such repairs; and (iii) provide copies of receipts and statements to Buyer prior to final verification of condition."

47     As to the REAL ESTATE DEFENDANTS:

- The oral statement by Defendant MIGUEL GUTIERREZ by phone on or around January 11, 2018 that the property was completely newly built when it was not.

- The repeated written and oral statements by Defendant MIGUEL GUTIERREZ that a contractor was building the home, when in fact the seller, who has no contractor's license, was building the home.

- The phone and text statements by Defendant MIGUEL GUTIERREZ during the last week of February that the property would be completely finished no later than March 2 at 1:00 p.m.

- Written and oral statements by Defendant MIGUEL GUTIERREZ in February 2018 that he had construction expertise to assure Plaintiffs everything was going according to plan.

- Oral statement by Defendant MIGUEL GUTIERREZ on March 1, 2018 as well as in writing the morning of March 2, that Plaintiffs could not enter the property prior to March 2, 2018 at 1:00 p.m. because it would make the workers nervous when, in fact, he was attempting to keep Plaintiffs away from the home until after their loan funded and was disbursed to the seller so that the Plaintiffs would not see the condition of the property prior to funding and, understandably, cancel the purchase.

48     PLAINTIFFS are informed and believe, and thereon allege, that when Defendants made these representations, among others, they knew or should have known the representations were false and had no reasonable grounds for believing them to be true. Further, Defendants intended to deceive and defraud PLAINTIFFS and to induce PLAINTIFFS to actually and justifiably rely on said representations. PLAINTIFFS justifiably relied on these Defendants' representations to their detriment. Had PLAINTIFFS known the true facts, they would not have purchased the Subject Property and would not have remained there.

49    As a direct and proximate result of Defendants' conduct outlined above, PLAINTIFFS suffered discomfort, annoyance, emotional distress, mental anguish, worry, anxiety, pain and suffering, physical and mental injury, property damage, cost of investigation and repairs, diminution in value of the Subject Property, and further general and special damages in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION

### (Fraud: Promise Made Without Intent to Perform)

### [Civil Code §§ 1572(4) and 1710(4)]

### (All Plaintiffs Against All Defendants)

50    PLAINTIFFS hereby adopt and incorporate by reference paragraphs 1 through 49, inclusive, and replead the allegations contained therein as though fully set forth herein.

51    The Defendants, and each of them, repeatedly made representations and promises to PLAINTIFFS related to the subject property and its repairs. Specifically, the REAL ESTATE DEFENDANTS promised that: (a) the Subject Property would be maintained in its current condition and properly repaired; (b) that they would perform diligent, competent visual inspections of the accessible areas of the Subject Property; (c) that they would identify and disclose in writing all conditions which affected the value and/or desirability of the Subject Property. As to the SELLER DEFENDANT: (a) that the Subject Property was properly maintained and repaired; (b) that they would timely and properly effectuate repairs to the Subject Property; (c) that they would maintain the Subject Property in its current condition through the close of escrow; (d) that they would identify and disclose in writing conditions in the property which affected value and/or desirability; (e) and the following promises made by the SELLER DEFENDANT in the Sales Contract:

• Paragraph 10.A.(6) of the Sales Contract which provides:

"B. In the event Seller prior to close of escrow, becomes aware of adverse conditions materially affecting the property, or any material inaccuracy in disclosures, information or representations previously provided to Buyer (including those made in a TDS) of which Buyer is otherwise unaware, Seller shall promptly provide a subsequent or amended disclosure, in writing, covering those items."

• Paragraph 11.A. of the Sales Contract which provides:

**"B. SELLER SHALL DISCLOSE KNOWN MATERIAL FACTS AND DEFECTS AND MAKE OTHER DISCLOSURES REQUIRED BY LAW."**

CORSAUT LAW GROUP
Post Office Box 797
Rancho Murieta, California 95683
(916) 354-2000

1   • Paragraph 16 of the Sales Contract which provides:

2   "16.  **REPAIRS:** Repairs shall be completed prior to final verification of condition
    unless otherwise agreed in writing.  Repairs to be performed at Seller's expense may be
3   performed by Seller or through others, provided that the work complies with applicable
    law, including governmental permit, inspection and approval requirements.  Repairs
4   shall be performed in a skillful manner with materials of quality and appearance
    comparable to existing materials. . . .  Seller shall (I) obtain receipts for repairs
5   performed by others; (ii) prepare a written statement indicating the repairs performed
    by Seller and the date of such repairs; and (iii) provide copies of receipts and statements
6   to Buyer prior to final verification of condition."

7       52      As to the REAL ESTATE DEFENDANTS:

8   • The oral statement by Defendant MIGUEL GUTIERREZ by phone on or around
    January 11, 2018 that the property was completely newly built when it was not.
9
    • The repeated written and oral statements by Defendant MIGUEL GUTIERREZ
10  that a contractor was building the home, when in fact the seller, who has no
    contractor's license, was building the home.
11
    • The phone and text statements by Defendant MIGUEL GUTIERREZ during the
12  last week of February that the property would be completely finished no later
    than March 2 at 1:00 p.m.
13
    • Written and oral statements by Defendant MIGUEL GUTIERREZ in February
14  2018 that he had construction expertise to assure Plaintiffs everything was going
    according to plan.
15
    • Oral statement by Defendant MIGUEL GUTIERREZ on March 1, 2018 as well
16  as in writing the morning of March 2, that Plaintiffs could not enter the property
    prior to March 2, 2018 at 1:00 p.m. because it would make the workers nervous
17  when, in fact, he was attempting to keep Plaintiffs away from the home until
    after their loan funded and was disbursed to the seller so that the Plaintiffs
18  would not see the condition of the property prior to funding and,
    understandably, cancel the purchase.
19

20      53      Additional promises and representations are set forth in specific detail elsewhere

21  in this Complaint.

22      54      PLAINTIFFS are informed and believe, and thereon allege, that the above referenced

23  promises, among others, were made by the Defendants and were false and made by the Defendants

24  without the intent of performing such promises and representations.

25      55      PLAINTIFFS are informed and believe, and thereon allege, that when the Defendants

26  made these representations and promises, among others, they knew the representations were false and

27  made them with the intent of not performing them and further made them with the intent to deceive and

28  defraud PLAINTIFFS and to induce PLAINTIFFS to rely thereon, or with the expectation that

    PLAINTIFFS would so act.

CORSAUT LAW GROUP
Post Office Box 797
Rancho Murieta, California 95683
(916) 354-2000

56    Defendants failed to perform as promised according to their promises and representations referenced above, among others.

57    PLAINTIFFS actually and justifiably relied upon the promises and representations to their detriment. Had PLAINTIFFS known that the Defendants had not intended to perform as promised, they would have altered their actions accordingly, including without limitation, not moving into the Subject Property, moving out of the Subject Property at an earlier point in time, hiring others to conduct proper inspections and repairs of the Subject Property, and investigating further, the alleged promises and repairs made by the Defendants and their Agents. At the time PLAINTIFFS took the actions alleged herein, they were ignorant of the Defendants' promises being made without the intention of performing them and were further ignorant of the true facts. On reasonable and justifiable reliance on the promises made by the Defendants, PLAINTIFFS were induced to, among other things, occupy and continue to occupy the Subject Property.

58    As a direct and proximate result of the Defendants' conduct outlined above, PLAINTIFFS suffered discomfort, annoyance, emotional distress, mental anguish, worry, anxiety, pain and suffering, physical and mental injury, cost of investigation and repairs, wage loss, medical damages, property damages, relocation costs, loss of use of the Subject Property, and further general and special damages in an amount to be proven at trial.

59    The Defendants' conduct was fraudulent, oppressive and malicious within the meaning of Civil Code section 3294 in that the promises made without the intention to perform were willful, wanton, malicious, oppressive, and done with conscious disregard of PLAINTIFFS' rights and safety and subjected PLAINTIFFS to cruel and unjust hardship, justifying an award of exemplary and punitive damages in an amount to be determined at trial. The extreme and outrageous conduct of the Defendants was intentional, malicious, and done for the purpose of causing, or with a wanton and reckless disregard for causing PLAINTIFFS to suffer humiliation, mental anguish, emotional/physical distress.

//
//
//

CORSAUT LAW GROUP
Post Office Box 797
Rancho Murieta, California 95683
(916) 354-2000

CORSAUT LAW GROUP
Post Office Box 797
Rancho Murieta, California 95683
(916) 354-2000

## NINTH CAUSE OF ACTION

### (Breach of Implied Warranty of Fitness)

### (PLAINTIFFS Against ALL DEFENDANTS,

### and DOES 1 through 10)

60    PLAINTIFFS hereby adopt and incorporate by reference paragraphs 1 through 59, inclusive, and replead the allegations contained therein as though fully set forth herein.

61    The SELLER DEFENDANT, and REAL ESTATE DEFENDANTS at all times herein mentioned impliedly warranted that the Subject Property was safe, properly constructed and erected, maintained, repaired, inspected and fit for its intended use and purpose as a residential structure.

62    Further, in doing the things alleged herein, these Defendants impliedly warranted that the Subject Property was fit for the intended purpose for use as a residence.

63    In acting and failing to act as described above, these Defendants breached these implied warranties.

64    As a direct and proximate result of these breaches, PLAINTIFFS have been damaged and injured as alleged in detail in this Complaint.

## TENTH CAUSE OF ACTION

### A.

### (Statutory Violations/Negligence Per Se/Breach of Fiduciary Duty)

### (All PLAINTIFFS Against REAL ESTATE DEFENDANTS and DOES 1 through 10)

65    PLAINTIFFS hereby adopt and incorporate by reference paragraphs 1 through 64, inclusive, and replead the allegations contained therein as though fully set forth herein.

66    California Civil Code section 2079, et seq. concerns real estate brokers and sales Agents and governs the conduct of such individuals/entities relative to inspections of residential dwellings and related disclosures.

67    The REAL ESTATE DEFENDANTS repeatedly violated the provisions of Civil Code section 2079, et seq. by virtue of the acts and omissions previously alleged herein as well as the following. Specifically, Civil Code section 2079 outlines the duties of a broker/Agent to a buyer, PLAINTIFFS herein, as follows:

"(a) It is the duty of a real estate broker or salesperson . . . to a prospective purchaser

of residential real property . . . to conduct a reasonably competent and diligent visual inspection of the property offered for sale and to disclose to that prospective purchaser all facts materially affecting the value or desirability of the property that an investigation would reveal."

68      PLAINTIFFS are informed and believe, and thereon allege, that the Defendants breached these duties of care and failed to conduct a reasonably competent and diligent visual inspection of the Subject Property and failed to disclose to PLAINTIFFS all facts materially affecting the value and/or desirability of the Subject Property that such an investigation would have revealed if conducted properly.

69      Similarly, Civil Code section 2079 subdivision (b) references additional duties of a broker as follows:

"(b) It is the duty of a real estate broker or salesperson . . . to comply with this section and any regulation imposing standards of professional conduct adopted pursuant to section 10080 of the Business and Professions Code with reference to sections 10176 and 10177 of the Business and Professions Code."

70      PLAINTIFFS are informed and believe, and thereon allege, that the Defendants breached these additional duties of care with respect to their dealings with PLAINTIFFS.

71      The acts and omissions of the above referenced Defendants, as set forth herein were a breach of the these Defendants' statutory obligations as outlined above. Accordingly, such acts and omissions not only violated the statute, but also constitute negligence per se. As a proximate result thereof, PLAINTIFFS have suffered the injuries and damages set forth within this Complaint.

WHEREFORE, PLAINTIFFS pray for judgment as follows:

1.      For special damages and general damages in amounts in excess of the minimum jurisdiction of this Court according to proof;

2.      For consequential and incidental damages including, without limitation, moving and relocation expenses in an amount according to proof;

3.      For attorneys' fees pursuant to contract and statute, including without limitation the Sales Contract in the amount of $35,000.00 pre-trial;

4.      For cost of suit herein;

5.      For punitive and exemplary damages;

CORSAUT LAW GROUP
Post Office Box 797
Rancho Murieta, California 95683
(916) 354-2000

6. For damage to and loss of use of the Subject Property in the amount of $150,000.00; and

7. For such further and other relief as the Court deems just and proper.

DATED: October 5, 2018                  **CORSAUT LAW GROUP**

By: _____
MATTHEW A. CORSAUT
State Bar No. 225764

**COMPLAINT FOR DAMAGES**
C:\Users\Matt\Desktop\Law folder\A-Clients\LSOA\Baumann\Raviller\complaint.wpd

**B1040 (FORM 1040) (12/15)**

RECEIVED
OCT 18 2018
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

| ADVERSARY PROCEEDING COVER SHEET | ADVERSARY PROCEEDING NUMBER |
|---|---|
| (Instructions on Reverse) | (Court Use Only) |

**PLAINTIFFS**
Chris Baumann and Durga Baumann

**DEFENDANTS**
Jose Jesus Puentes; Miguel Gutierrez
VIP Real Estate Firm and Does 1-10

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
Matthew Corsaut; Corsaut Law Group
7268 Murieta DR Rancho Murieta, CA 95683
916 354-2000

**ATTORNEYS** (If Known)
Raj Wadhwani
15233 Ventura Blvd, Ste 1000
Sherman Oaks, CA 91403

**PARTY** (Check One Box Only)
□ Debtor   □ U.S. Trustee/Bankruptcy Admin
□ Creditor   ☒ Other
□ Trustee

**PARTY** (Check One Box Only)
☒ Debtor   □ U.S. Trustee/Bankruptcy Admin
□ Creditor   □ Other
□ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Adversary Proceeding under 28 U.S.C. Sections 157 and 1334
for Negligence, Fraud and Breach of Contract

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ 200,000 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR <br> *Jose Jesus Puentes* | BANKRUPTCY CASE NO. <br> *18-18845 BB* | |
| DISTRICT IN WHICH CASE IS PENDING <br> *Central District of California* | DIVISION OFFICE | NAME OF JUDGE <br> *BB* |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE <br> *B* |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE <br> *10-15-18* | PRINT NAME OF ATTORNEY (OR PLAINTIFF) <br> *Matthew Corsaut* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.